IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PENOVIA LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 2:13-cv-00422-JRG |
| v. | § § | |
| EPSON AMERICA, INC. | § § | **PATENT CASE** |
| Defendant. | § § § | **JURY TRIAL DEMANDED** |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Epson America, Inc. ("Epson") hereby submits its Answer and Counterclaims to Plaintiff Penovia LLC's ("Penovia") Complaint for Patent Infringement as follows:

### PARTIES AND JURISDICTION

1.  Epson admits that this is an action for patent infringement arising under Title 35 of the United States Code for alleged infringement of U.S. Patent No. 5,822,221 (the "'221 Patent") and that Penovia seeks recovery of damages associated with the alleged infringement. Epson denies any allegations that Epson infringes one or more claims of the '221 patent and denies that Epson owes damages for any alleged infringement.

2.  Epson admits that this action purports to arise under 28 U.S.C. §§ 1331 and 1338(a), but Epson denies any liability thereunder. Epson denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.  Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies them.

4.  Epson admits that Epson is a California corporation with its principal office located at 3840 Kilroy Airport Way, Long Beach, CA 90806. Epson denies that it has committed acts of infringement in the state of Texas or anywhere else. The remaining

allegations set forth in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent a response is deemed necessary, Epson admits that the Complaint purports to assert that Epson is subject to personal jurisdiction in this District. Except as otherwise set forth herein, the remaining allegations of paragraph 4 are denied.

5. The allegations set forth in paragraph 5 of the Complaint are too vague and ambiguous in scope to permit a response. Except as otherwise set forth herein, the allegations of paragraph 5 are denied.

## VENUE

6. The allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is needed. Epson denies that venue is convenient in this District, and asserts that there may be more appropriate venues for the adjudication of the claims in the Complaint and in Epson's Counterclaims. Except as otherwise set forth herein, the allegations of paragraph 6 are denied.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7. Epson incorporates by reference herein its answers to paragraphs 1 through 6 of the Complaint.

8. Epson admits that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*. Epson denies any allegations that Epson infringes one or more claims of the '221 patent and denies that Epson owes damages for any alleged infringement.

9. Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10. Epson admits that a copy of the '221 Patent, titled "Office Machine Monitoring Device," appears to have been attached as Exhibit A to the Complaint.

11. Epson denies the allegations set forth in paragraph 11 of the Complaint.

12. Epson admits that it appears from the Patent Application Information Retrieval

website that the '221 Patent expired on or about November 8, 2010, because of non-payment of maintenance fees. Epson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

13. Epson denies the allegations set forth in paragraph 13 of the Complaint.

14. Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

15. Epson admits that Penovia seeks recovery of damages from Epson for Epson's alleged infringement of the '221 Patent from a date that is six years before the filing date of the Complaint through November 8, 2010. Epson denies that Penovia is entitled to any such damages.

## DEMAND FOR JURY TRIAL

This paragraph requires no response.

## PRAYER FOR RELIEF

Epson denies that Penovia is entitled to any relief requested in its Prayer for Relief or any other relief.

## GENERAL DENIAL

Epson denies any allegations in the Complaint not specifically admitted in Epson's responsive pleadings above.

## EPSON'S AFFIRMATIVE DEFENSES

Epson's affirmative defenses are set forth below. Epson reserves the right to amend its Answer to add affirmative defenses consistent with the facts discovered in the case.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

Upon information and belief, the subject matter of the '221 patent does not meet the

requirements of 35 U.S.C. §§ 101, *et seq.*, and is therefore invalid, void and unenforceable for failing to meet the conditions specified in 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Third Affirmative Defense
### (Non-Infringement)

Epson has not and does not infringe any claim of the '221 patent, literally or under the doctrine of equivalents.

### Fourth Affirmative Defense
### (Limitations on Damages)

Penovia's recovery for alleged infringement of the '221 patent, if any, is limited to any alleged infringement committed between: (1) six years prior to the filing of Penovia's Complaint, pursuant to 35 U.S.C. § 286; and (2) November 8, 2010, pursuant to Penovia's statements made in paragraphs 12 and 15 of its Complaint.

### Fifth Affirmative Defense
### (35 U.S.C. §§ 287, 288)

Any claim for damages for patent infringement brought by Penovia is barred in whole or in part by 35 U.S.C. § 287 and/or failing to disclaim invalid claims under 35 U.S.C. § 288.

### Sixth Affirmative Defense
### (Laches/Waiver/Estoppel)

Upon information and belief, Penovia's claims for relief and prayer for damages are barred by the equitable doctrines of laches, prosecution laches, waiver, and/or estoppel, for reasons including but not limited to the facts that: (1) the asserted patent expired nearly three years ago; (2) all of the accused products were necessarily on sale prior to the expiration of the patent; and (3) the Artisan 800 identified in the Complaint was first sold in or about August 2008.

### COUNTERCLAIMS

Counterclaimant Epson hereby counterclaims and alleges against Counterclaim-Defendant Penovia as follows:

## THE PARTIES

1. Epson is a California corporation with a principal place of business at 3840 Kilroy Airport Way, Long Beach, CA 90806.

2. Penovia has alleged in a Complaint filed in this action that it owns the right, title, and interest in the '221 patent.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the Counterclaims under 27 U.S.C. §§ 2201 and 2202 and Title 35 of the United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338.

4. Penovia has consented to the personal jurisdiction of this Court by filing its Complaint.

5. Although Epson contends that there may exist more appropriate venues for the adjudication of the claims and counterclaims in this action, the minimum requisites for venue under 28 U.S.C. § 1391 exist in this District.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Epson realleges and incorporates by reference the allegations of paragraphs 1-5 of the Counterclaims as though they were fully set forth herein.

7. This is a claim for declaratory judgment of noninfringement of any valid and enforceable claims of the '221 Patent.

8. Penovia alleges that Epson infringes one or more claims of the '221 Patent.

9. Penovia further alleges that Epson's alleged infringement has damaged Penovia.

10. Epson has not infringed any valid and enforceable claim of the '221 Patent, either literally or under the doctrine of equivalents.

11. There exists an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Penovia and Epson as to whether Epson has infringed, or continues to infringe, any valid and enforceable claims of the '221 patent.

12. By this Counterclaim, Epson seeks a declaration that it has not infringed any

claim of the '221 Patent. A judicial determination on the disputes recited above is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '221 Patent.

## DECLARATORY JUDGMENT OF INVALIDITY

13. Epson realleges and incorporates by reference the allegations of paragraphs 1-12 of the Counterclaims as though they were fully set forth herein.

14. This is a claim for declaratory judgment of invalidity of any and all claims of the '221 Patent.

15. The '221 Patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

16. There exists an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Penovia and Epson as to whether any claim of the '221 Patent is valid.

17. By this Counterclaim, Epson seeks a declaration that the claims of the '221 Patent are invalid. A judicial determination of the disputes recited above is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '221 patent.

## PRAYER FOR RELIEF

WHEREFORE, Epson prays for relief as follows:

A. That Penovia's Complaint be dismissed in its entirety with prejudice and that Penovia take nothing thereon;

B. That Epson be awarded its costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285 and other provisions of law;

C. That the Court determine and declare that Epson has not infringed any valid claims of the '221 Patent;

D. That the Court determine and declare that the '221 patent is invalid; and

E. That Epson be granted such other and further relief as the Court deems just and

proper.

## JURY DEMAND

Epson demands a jury trial of all issues so triable in this action.

Dated: August 2, 2013  Respectfully Submitted,

By:     */s/ Melissa Richards Smith*
Melissa Richards Smith
  State Bar No. 24001351
Gillam and Smith, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-8257
Melissa@gillamsmithlaw.com


Robert Benson (*admitted in E.D. Tex.*)
  *LEAD ATTORNEY*
  California State Bar No. 155971
Christina M. Von der Ahe (*admitted in E.D. Tex.*)
  California State Bar No. 255467
ORRICK, HERRINGTON & SUTCLIFFE, LLP
2050 Main St., Suite 1100
Irvine, CA 92614
Telephone: (949) 852-5700
Facsimile:  (949) 567-6710
rbenson@orrick.com
cvonderahe@orrick.com

**Attorneys for Defendant Epson America, Inc.**

**CERTIFICATE OF SERVICE**

  This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and first class mail, return receipt requested.

  Dated:  August 2, 2013

                  */s/ Melissa Richards Smith*
                  Melissa Richards Smith